# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOBILE CONVERSIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2: 12-cv-1485 |
| v. ) | |
| ) | |
| ALLEGHENY FORD TRUCK SALES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for disposition is the MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6); MOTION TO STRIKE AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(f), with brief in support, filed by Defendant Allegheny Ford Truck Sales ("Allegheny Ford") (ECF Nos. 30 and 31), the OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS OR STRIKE, filed by Plaintiff, Mobile Conversions, Inc. (ECF No. 33), and the REPLY BRIEF filed by Allegheny Ford. The matter has been thoroughly briefed and is ripe for disposition.

### Factual and Procedural Background

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party.

By way of background, Plaintiff is in the business of building custom mobile medical and dental facilities for mobile health screening and imaging. Plaintiff's customer ordered a coach with particular specifications and required that the coach be a Freightliner or a Sterling cab and chassis product and that it be equipped with an air ride suspension system recommended and approved by the manufacturer and installed to factory specifications. Amended Complaint, at ¶¶ 1, 10.

1

Plaintiff found "a cab and chassis that suited the specifications at [Allegheny Ford], but the truck did not conform to the required cab to axle dimension and had a spring suspension system." *Id*. at ¶ 13. Before purchasing the truck, Michael G. Dobbins, President of Mobile Conversions, Inc., "specifically asked for [Allegheny Ford] to equip the cab and chassis that he wanted to purchase with the air ride suspension system recommended by the manufacturer for this model of cab and chassis and to install it pursuant to factory specifications." *Id.* at 15.

Based on Allegheny Ford's representations, Plaintiff purchased a 2008 Sterling Acterra truck from Allegheny Ford for use in building the custom coach ordered by its customer. Plaintiff's representative accepted the vehicle, received a Sales Agreement / Vehicle Invoice ("Sales Agreement"), and signed the Delivery Acceptance Receipt.

The Amended Complaint avers that Plaintiff's customer was able to use the coach for only six (6) weeks before the transmission in the truck completely failed. *Id*. at 24. Plaintiff alleges that "[t]he air ride suspension system installed by [Allegheny Ford] was not suitable to the cab and chassis purchased by Mobile Conversions, Inc. and the transmission failed as a direct result of unusual loading caused by the wrong air ride system having been installed on the truck by [Allegheny Ford].

Plaintiff filed its original Complaint on May 10, 2012, in the United States District Court for the Southern District of Ohio, Western Division. On October 15, 2012, the case was transferred to this Court. Plaintiff filed a seven-count Amended Complaint on February 15, 2013, in which it brought claims for negligence, breach of contract, breach of implied warranty for a particular purpose, breach of express warranty, violation of Ohio Consumer Fraud Statute, and gross negligence. In response, Allegheny Ford filed the instant Motion to Dismiss For Failure to State a Claim / Motion to Strike in which it seeks to dismiss and/or strike

Plaintiff's claims of negligence, breach of implied warranty for a particular purpose, breach of express warranty, violation of Ohio Consumer Fraud Statute, and gross negligence. Allegheny Ford has not moved to dismiss or strike Plaintiff's claim for breach of contract.

After careful review of the filings, the Motion to Dismiss / Motion to Strike will be granted in part and denied in part.

**Standard of Review**

a.  12(b)(6)

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal,* emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show

3

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal,* 556 U.S. at 678-79; *Twombly*; 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The determination

4

for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-45). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

(b) <u>Federal Rule of Civil Procedure 12(f)</u>

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." " 'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.' " *Goode v. LexisNexis Risk &*

*Information Analytics Group, Inc*., 284 F.R.D. 238, 243-44 (E.D. Pa. 2012) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.,* 244 F. Supp. 2d 393 (E.D. Pa. 2002)). Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id.*

## Discussion

A. Gist of the Action Doctrine.[1]

Defendant argues that the "gist of the action doctrine" bars Plaintiff's claims for negligence and gross negligence (the "tort claims").

The gist of the action doctrine bars tort claims which arise solely from a contract between the parties. *Werwinski v. Ford Motor Co*., 286 F.3d 661, 680 n. 8 (3d Cir. 2002) (citing *Phico Insurance Co. v. Presbyterian Medical Services Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995)). The doctrine is based on the notion that the "important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 103-04 (3d Cir. 2001) (quoting *Redevelopment Auth. of Cambria County v. International Ins. Co*., 685 A.2d 581, 590 (Pa. Super. 1996)), *cert. denied*,

---

[1] Although the Pennsylvania Supreme Court has never adopted the gist of the action doctrine, the Pennsylvania Superior Court and the Court of Appeals for the Third Circuit, as well as a number of United States District Courts, have predicted that it would. *Williams v. Hilton Group PLC*, 93 Fed. Appx. 384, 385 (3dCir. 2004); e*toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002); *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F. Supp. 2d 329 (E. D. Pa. 2003); *Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833 n. 11 (E. D. Pa. 2000).

*Ellwood City Forge Co. v. Bohler-Uddeholm America, Inc.*, 534 U.S. 1162 (2002); see also *etoll, Inc. v. Elias/Savion Advertising, Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002).

In determining whether the "gist of the action" doctrine applies, a court must determine whether the source of the duties breached were "intertwined" with obligations under the contract or if they were merely collateral. *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp.2d 644, 651 (W.D. Pa. 1999). The court in *eToll* explained the sometimes blurred distinction: "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *eToll*, 811 A.2d at 14 (additional citation omitted)).

Here, Plaintiff argues that "the facts of this case are a mix of breach of contract and tort" and therefore, the gist of the action doctrine does not apply to Plaintiff's tort claims. Br. at 15 (ECF No. 25). Plaintiff explains that "while the 'gist of the action' doctrine might logically apply to the choice of the wrong suspension system, it cannot logically be applied to the negligent installation and the damages flowing from it. A negligent installation is not a part of any bargain." *Id*. at 4.

A tort claim is barred by the gist of the action doctrine if: (1) it arises solely from a contract between the parties; (2) the duties allegedly breached were created and grounded in the contract itself; (3) the liability stems from a contract; or (4) the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract. *Williams v. Hilton Group, PLC*, 261 F. Supp.2d 324, 327-28 (E.D. Pa. 2003) (*citing eToll*, 811 A.2d at 19)).

The Court acknowledges that it must exercise caution in making a determination regarding gist of the action at this early stage of the case. *See Weber Display and Packaging v.*

7

*Providence Washington Insurance Co.*, 2003 WL 329141 (E.D. Pa. Feb.10, 2003). However, the Court finds that it is evident from a review of the Amended Complaint that Plaintiff's tort claims are based in contract.

The claims and allegations made by Plaintiff against Allegheny Ford are, *inter alia,* as follows:

* that Allegheny Ford breached its duty by installing an air ride suspension system that was improper for the purpose and was not the one requested and specified by Plaintiff (Amended Complaint, at ¶¶ 50-51);

* that Allegheny Ford breached the contract by failing to install a specific air ride suspension system on the truck purchased by Plaintiff and by failing to inform Plaintiff of the same (*Id*. at ¶¶ 58-59); and

* that Plaintiff relied upon the negligent representations of Allegheny Ford in purchasing the Sterling cab and chassis and that the failure of the transmission and the ensuing damages which arose from the failure of the transmission are directly attributable to the installation of the improper air ride suspension system on the cab and chassis by Allegheny Ford (*Id*. at ¶¶ 84-85)

The Court finds and rules that Plaintiff's tort claims are "inextricably intertwined" with the alleged failure of Defendant to perform under the terms of the contract, as the claims arise solely from the Sales Agreement between the parties. The duties that Plaintiff alleges Allegheny Ford breached in its tort claims were created and grounded in the Sales Agreement and, therefore, Allegheny Ford's liability depends wholly on the terms of the Sales Agreement.

The Court cannot find the contract to be merely collateral to the various tort claims, but rather finds that the contract is at the heart of the various tort claims. Accordingly, the Court

finds and rules that Plaintiff's claims for negligence and gross negligence are barred by the gist of the action doctrine.

B.  Breach of Implied Warranty for a Particular Purpose and Breach of Express Warranty

Plaintiff avers separate causes of action in which it alleges that Allegheny Ford breached the implied warranty of fitness for a particular purpose and breached an express warranty.

Allegheny Ford argues that the Sales Agreement clearly disclaims "all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose." Br. at 12. Plaintiff responds that "[i]t is unclear whether handing Plaintiff a set of sales documents on the date of the delivery of the truck, a set of sales documents that the Plaintiff had never seen before and has never had the opportunity to review, can constitute a binding contract so tight that Allegheny can disclaim all warranties and limit [its] damages. Such a finding remains for the fact finder to determine." Br. at 22 (ECF No. 25).

The Court finds that the Amended Complaint contains numerous allegations that, accepted as true, state a claim for an implied warranty for a particular purpose and/or a claim for breach of express warranty. Reading the facts in the most favorable light, it is reasonable to infer that the air ride suspension that was delivered by Allegheny Ford did not conform to the quality established by the parties before Plaintiff purchased the truck and/or that the correct air ride suspension system was not properly installed on the truck which was delivered to Plaintiff.

It may well be that discovery will reveal that the parties entered into a binding contract and the disclaimers in the Sales Agreement properly exclude all implied warranties, including any implied warranty of fitness for a particular purpose and/or that Allegheny Ford did not provide any express warranty regarding Plaintiff's specific expectations regarding the exact model of suspension system to be installed on the truck. However, until such time, the Court

finds that Plaintiff may maintain its claim for breach of implied warranty for a particular purpose and its claim for breach of an express warranty.

C.        <u>Violation of Ohio Consumer Fraud Statute</u>

Plaintiff pleads a cause of action for a violation of the Ohio Consumer Fraud Statute. Chapter 1345 of the Ohio Revised Code defines consumer transaction to mean "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are **primarily personal, family, or household**, or solicitation to supply any of those things." (emphasis added). Allegheny Ford argues that this claim should be dismissed because the transaction at issue was not a sale for purposes that were primarily personal, family, or household.

Plaintiff simply responds that "Defendant is probably correct." Br. at 19 (ECF No. 25).

The Court finds and rules that because Plaintiff did not purchase or lease goods or services primarily for personal, family, or household purposes, it cannot assert a cause of action under O.R.C. Chapter 1345. Accordingly, Plaintiff's cause of action for a violation of the Ohio Consumer Fraud Statute will be dismissed.

D.        <u>Motion to Dismiss Strike Plaintiff's Claim for Punitive Damages</u>

Because Plaintiff's tort claims will be dismissed in their entirety, it follows that Plaintiff would not be able to assert an entitlement to any punitive damages since punitive damages are not available under the law in breach of contract claims. Pennsylvania courts find punitive damages to be "inconsistent with traditional contract theories." *Thorsen v. Iron & Glass Bank*, 476 A.2d 928 (Pa. Super. Ct. 1984). Accordingly, the motion to strike will be granted as to Plaintiff's claim for punitive damages.

E.  Motion to Dismiss or Strike Plaintiff's Claim for Consequential Damages

Defendant seeks to have Plaintiff's request for consequential damages dismissed or stricken because "they are specifically disclaimed by the Sales Agreement." Br. at 16. The law in Pennsylvania is that consequential damages are recoverable for breach of contract if they are a natural result of breach, were reasonably foreseeable and contemplated by the party, and provable with reasonable certainty. *Ferrer v. Trustees of the Univ. of Pa.*, 825 A.2d 591, 610 (Pa. 2002) (citing *Taylor v. Kaufhold*, 4 A.2d 347, 351 (Pa. 1951). This is so "unless the contract provided otherwise." *Id.* However, if the the exclusion or limitation is unconscionable or causes the essential purpose of the warranty to fail, consequential damages may be awarded. *Kruger v. Subaru of Am., Inc.,* 996 F. Supp. 451, 458 (E.D. Pa. 1998).

As with the breach of warranty claims, the Court finds that it is premature at this early juncture to dismiss without discovery Plaintiff's claim for consequential damages. It may well be that discovery will reveal that the parties entered into a binding contract and that the "Limitation of consequential damages" provision of the Sales Agreement is enforceable. However, until such time, the Court finds that Plaintiff may maintain its claims for consequential damages.

F.  Motion to Strike All References to Defendant's Insurer and Offers of Settlement

Allegheny Ford's last request is that the Court strike information in the Amended Complaint that refers to Allegheny Ford's insurer or any information in the Amended Complaint that refers to compromise offers that were allegedly made to Plaintiff. Defendant correctly notes that under Federal Rule of Evidence 408, evidence of a party attempting to compromise a claim is not admissible to prove or disprove the validity of a disputed claim.

However, Rule 408 is a rule of evidence and does not govern pleadings. *Steak Umm Co., LLC v. Steak Em Up, Inc.,* 2009 WL 3540786, at *3 (E.D. Pa. 2009). The difference between Rule 12(f) and Rule 408 becomes clear when their standards are compared. Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Rule 408 states that evidence of compromise offers and negotiations is not admissible to "prove or disprove the validity or amount of a disputed claim." Fed.R.Evid. 408(a).

The Court realizes that Rule 408 prohibits evidence of settlement negotiations under some circumstances, even if the evidence is relevant. While Rule 12(f) gives courts "considerable discretion in disposing of a motion to strike, . . . striking information from the pleadings is a 'drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly'." *Scottie v. USAA Casualty Insurance Co.*, No. 3:10 CV 1538, 2011 WL 616008, at *2 (M.D. Pa. Feb. 11, 2011) (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp.2d 424, 428 (E.D. Pa. 2007)).

At this stage in the proceedings and using the appropriate standard governing Rule 12(f), the Court does not find the information redundant, immaterial, impertinent, or scandalous. Should Allegheny Ford remain firm in its conviction that Rule 408 prohibits this evidence, it may file a motion in limine before trial.

G.  Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. In non-civil rights cases,

however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d. 247, 252-53 (3d Cir. 2007).

Under the circumstances of this matter, the Court will not grant Plaintiff leave to amend as it would be futile. Accordingly, dismissal of the tort claims, as well as Plaintiff's claims for punitive damages, without leave to amend is justified in this matter.

**Conclusion**

For the reasons hereinabove set forth, the motion to dismiss will be granted in part. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOBILE CONVERSIONS, INC., )
 )
    Plaintiff, )
 )  2: 12-cv-1485
v. )
 )
ALLEGHENY FORD TRUCK SALES, )
 )
    Defendant. )

## ORDER OF COURT

**AND NOW**, this 9th day of May, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Defendant Allegheny Ford Truck Sales is **GRANTED IN PART AND DENIED IN PART**, as follows:

    (i)    Plaintiff's claims for negligence and gross negligence are dismissed pursuant to the gist of the action doctrine;

    (ii)    Plaintiff's claim under the Ohio Consumer Fraud Statute is dismissed for failure to state a cause of action;

    (iii)    Plaintiff's claim for punitive damages is dismissed;

    (iv)    The remainder of the motion to dismiss / motion to strike is **DENIED**.

It is further **ORDERED** that Defendant shall file an Answer to the breach of contract and breach of warranty claims of the Amended Complaint on or before May 23, 2013. The

parties shall file their 26(f) report and ADR stipulation on or before June 6, 2013. The initial Case Management Conference is hereby scheduled on June 14, 2013 at 8:30 a.m. in Courtroom 6C.

                                                        BY THE COURT:

                                                        <u>s/ Terrence F. McVerry</u>
                                                        United States District Court Judge

cc:      Sherrill Hondorf, Esquire
          Hondorf Law Office
          Email: shondorf@gmail.com

          Joseph F. Butcher, Esquire
          Zimmer Kunz
          Email: butcher@zklaw.com

          Joseph W. Selep, Esquire
          Zimmer Kunz
          Email: selep@zklaw.com